```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/23/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GENERAL ELECTRIC CAPITAL CORPORATION,

                                Plaintiff,

              -v-

DAVID M. CUTLER and 611 SOUTH OCEAN
BOULEVARD LLC,

                                Defendants.

------------------------------------------------------------------X

15 Civ. 4420 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This decision resolves a motion for attorneys' fees. Plaintiff General Electric Capital Corporation ("GECC") seeks $18,661.05 for spending 54.4 hours of attorney time in connection with a successful motion to remand this action to state court. Defendants David M. Cutler and 611 South Ocean Boulevard LLC ("the LLC") had removed the case to federal court, which GECC argues was objectively unreasonable in light of forum-selection clauses in contracts signed by the defendants forbidding removal. For the following reasons, the Court awards GECC compensation for some, but not all, of the attorneys' fees it incurred in connection with the motion to remand.

I.   **Background**[1]

On June 5, 2015, GECC brought an action in New York state court against defendants seeking repayment on a promissory note executed by Cutler, *see* Dkt. 2, Ex. B ("the Note"), and

---

[1] The following facts appear to be undisputed. The Court draws primarily on the following materials: Dkt. 19 ("First Knob Cert."); Dkt. 21 ("Pl. Remand Br."); Dkt. 25 ("Pl. Fees Br."); Dkt. 26 ("Second Knob Cert."); and Dkt. 32 ("Def. Br.").

a guaranty executed by the LLC, *see* Dkt. 2, Ex. C ("the Guaranty"). Both the Note and the Guaranty contained nearly identical forum-selection clauses. The relevant clause of the Note is reproduced below, with the crucial provisions bolded:

> **Maker [*i.e.*, Cutler] irrevocably submits to the exclusive jurisdiction of the state and federal courts located in the State of New York** to hear and determine any suit, action or proceeding and to settle any disputes, which may arise out of or in connection herewith and with the debt documents (collectively, the "proceedings"), and **Maker further irrevocably waives any right it may have to remove any such proceedings from any such court (even if removal is sought to another of the above-named courts)**. Maker irrevocably waives any objection which it might now or hereafter have to the above-named courts being nominated as the exclusive forum to hear and determine any such proceedings and agrees not to claim that it is not personally subject to the jurisdiction of the abovenamed courts for any reason whatsoever, that it or its property is immune from legal process for any reason whatsoever, that any such court is not a convenient or appropriate forum in each case whether on the grounds of venue or forum non-conveniens or otherwise.[2]

Note at 2; *see also* Guaranty at 5. In a telephone call on the morning of June 8, 2015, GECC's counsel, in response to a suggestion from defense counsel that defendants might remove the case to federal court, pointed his adversary to the relevant forum-selection clauses. Second Knob Cert. ¶ 5. Later that day, defendants filed a notice of removal in this Court. Dkt. 1. GECC's counsel credibly states that his firm, McCarter & English, LLP ("McCarter & English" or "the firm") did not learn of the removal until a month later, when defendants served an answer to the complaint via email, stating that the answer had been "filed in the Southern District of New York." Second Knob Cert. ¶ 6; First Knob Cert., Ex. C. The firm did not receive written notice of the removal until July 27, 2015. Dkt. 20, ¶ 2.

On August 5, 2015, GECC moved to remand this action to state court, principally on the ground that the forum-selection clauses waived defendants' right to remove an action filed in

---

[2] This language appears in all-caps in the actual documents, but for ease of reading, the Court reproduces it in normal font.

New York state court to the Southern District. *See* Dkt. 18; Pl. Remand Br. 5–7. That motion also sought attorneys' fees incurred as a result of the removal. *See* Pl. Remand Br. 10–11. The Court stayed discovery pending resolution of the remand motion and set a briefing schedule. Dkt. 22.

On August 18, 2015, the day before defendants' opposition to the remand motion was due, defendants informed the Court that they had "determined that [GECC's] position with respect to the waiver is in accordance with existing case law," and therefore would not be filing an opposition. Dkt. 23. The same day, the Court issued an order granting GECC's motion to remand on the ground that defendants waived the right to remove to federal court. Dkt. 24. The order directed GECC to inform the Court whether it still sought attorneys' fees, in light of defendants' assent to remand. *Id.*

On August 20, 2015, GECC renewed its motion for attorneys' fees.[3] *See* Pl. Fees Br. After an adjournment during which the parties failed to come to agreement, *see* Dkt. 30, defendants filed an opposition, *see* Def. Br., on September 23, 2015. Although this opposition was almost a week late, the Court accepted it and considers the instant motion opposed. Dkt. 33.

## II.   Discussion

This motion raises two principal questions: First, was defendants' removal of this action to federal court objectively unreasonable? Second, if removal was unreasonable, what fees did GECC reasonably incur as a result of removal?

### A.   Objective Unreasonableness of Defendants' Removal

---

[3] While GECC has referred to the award of "fees and costs," *see, e.g.*, Pl. Fees Br. 1, it has specifically sought compensation only for the attorneys' fees incurred as a result of the removal. *See id.* ("The total amount of fees sought is $18,661.05.").

Under 28 U.S.C. § 1447(c), a Court remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Reasonableness "is evaluated based on the circumstances as of the time that the case was removed," here, June 8, 2015. *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (summary order).

The case for removal need not be "frivolous . . . or without foundation" to justify an award of fees—only "unreasonable." *Martin*, 546 U.S. at 138 (internal quotation marks omitted). The Second Circuit has held, for instance, that basing removal on asserted federal defenses or federal claims in a third-party complaint is objectively unreasonable. *See Savino v. Savino*, 590 F. App'x 80, 81 (2d Cir. 2015) (summary order) (federal defenses); *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (federal third-party claims). But "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Williams*, 416 F. App'x at 99 (quoting *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007)) (internal quotation marks omitted).

Forum-selection clauses are "presumptively enforceable" if they are "communicated to the resisting party, [have] mandatory force and cover[] the claims and parties involved in the dispute." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). The resisting party may rebut this presumption "by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or

4

overreaching.'" *Id.* at 383–84 (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)).

Defendants make two related arguments in defending their removal of this action as objectively reasonable despite the forum-selection clauses in the Note and the Guaranty. First, they argue that "the waiver of the right to remove must be clear and unequivocal." Def. Br. 6 (citing *Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F. Supp. 2d 124 (E.D.N.Y. 2004); *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 611 F. Supp. 2d 389 (S.D.N.Y. 2009)). Second, they argue that a forum-selection clause "will only be enforced if it is deemed mandatory, not merely permissive." Def. Br. 7 (citing *John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors, Inc.*, 22 F.3d 51 (2d. Cir. 1994); *GMAC Commercial Mortgage Corp. v. LaSalle Bank Nat. Ass'n*, 242 F. Supp. 2d 279 (S.D.N.Y. 2002)). In essence, defendants argue that they *reasonably* interpreted the forum-selection clauses in the Note and the Guaranty as unclear and permissive.

The Court rejects those arguments. To the contrary, the forum-selection clauses are as clearly mandatory as such clauses can reasonably be, and they unambiguously waive defendants' right to remove an action brought initially in New York state court. It was, therefore, unreasonable for defendants to view them as permitting removal.

Forum-selection clauses are mandatory when they require that disputes be heard *exclusively* in a particular forum, and permissive when they simply confer jurisdiction on that forum. *See Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011). "A forum selection clause is considered mandatory where: (1) 'it confers exclusive jurisdiction on the designated forum' or (2) 'incorporates obligatory venue language.'" *Id.* (quoting *Phillips*, 494 F.3d at 386). Courts focus on the language of the contract, in particular, whether the

contract contains "specific language of exclusion." *Id.* (quoting *Boutari*, 22 F.3d at 53) (internal quotation marks omitted).

Here, the forum-selection clauses contain clear language of exclusion limiting the defendants to the state or federal courts of New York, and those courts only: "Maker [or Guarantor] irrevocably submits to the *exclusive* jurisdiction of the state and federal courts located in the State of New York . . . ." Note at 2; Guaranty at 5 (emphasis added). This provision is a far cry from the permissive, non-exclusive clause at issue in *Boutari*, on which defendants rely, which provided that "[a]ny dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts." *Boutari*, 22 F.3d at 52.

The next question is whether the forum-selection clauses' prohibition on removal is sufficiently clear and mandatory. That prohibition reads: "Maker [or Guarantor] further irrevocably waives any right it may have to remove any such proceedings from any such court (even if removal is sought to another of the above-named courts)." Note at 2; Guaranty at 5. Defendants argue that this clause is subject to two different interpretations, "each one leading to internal inconsistencies." Def. Br. 8. Defendants acknowledge that an interpretation allowing removal would "render[] the nonremoval provision meaningless." *Id.* But, defendants maintain, an interpretation disallowing removal would be "inconsistent with the plain language of the clauses that provided for jurisdiction of federal courts in New York." *Id.*

The Court finds no such inconsistency afflicting an interpretation that disallows removal. The forum-selection clauses, on their face, require that defendants submit to the jurisdiction of *either* the state or federal courts in New York, and only those courts. They further provide that, "even if removal is sought to another of the above-named courts," the right to such removal is waived. That the clauses initially convey jurisdiction on the New York federal courts is not at all

6

inconsistent with the further provision that, if an action is brought in New York *state* court, it may not be removed.  Defendants may view such a provision with disfavor, but that does not make it "contradictory" or ambiguous.  Def. Br. 3.

The forum-selection clauses here are thus completely distinct from those involved in the cases on which defendants rely.  One such case involved a clause that provided for the "*non-exclusive* jurisdiction" of certain enumerated courts, and "[did] not contain any reference to removal."  *Rabbi Jacob*, 342 F. Supp. 2d at 128.  In another, the forum-selection clause provided for "the jurisdiction of any New York state or United States federal court sitting in New York City," but lacked both language of exclusivity and language forbidding removal.  *Reijtenbagh*, 611 F. Supp. 2d at 390.  In a third, the forum-selection clause provided that actions "*may* be brought and enforced" in either New York state courts sitting in Manhattan or in the Southern District, and that the signatory waived "any right to remove any such action or proceeding *by reason of improper venue or inconvenient forum*."  *GMAC*, 242 F. Supp. 2d at 281 (emphasis added).  Here, by contrast, the forum-selection clauses at issue use exclusionary language, rather than permissive language like "may be brought and enforced."  And they forbid removal for any reason whatsoever, rather than merely for limited reasons such as where the venue is improper or the forum inconvenient.

Their protestations to the contrary, defendants thus have failed to identify *any* clause similar to those in the Note and the Guaranty that has "been found ambiguous and unenforceable by the Second Circuit courts."  Def. Br. 9.  Absent case law suggesting that a court would find the forum-selection clauses here unclear or permissive, defendants' decision to remove the action was objectively unreasonable.  The *only* reasonable interpretation of the forum-selection clauses

7

is that they mandated jurisdiction in New York state or federal courts, and, where GECC initiated the action in state court, forbade removal to federal court.

Defendants also point to three cases in which district courts in this Circuit have declined to award fees and costs despite finding the anti-removal provision clear, mandatory, and enforceable. *See* Def. Br. 9–11.  Two of these cases, although thoroughly reasoned as to the enforceability of the forum-selection clause, are conclusory as to the fee award, stating only that the removing party's arguments were not "objectively unreasonable, intended to harass [the non-removing party], or to prolong or delay the litigation." *Lancer Ins. Co. v. MKBS, LLC*, No. 08 Civ. 3724 (SJF), 2008 WL 5411090, at *4 (E.D.N.Y. Dec. 22, 2008); *RES Exhibit Servs., LLC v. Tecan Grp., Ltd.*, No. 09 Civ. 6659 (MAT), 2010 WL 2545772, at *5 (W.D.N.Y. June 21, 2010) (citing *Lancer*).  The third predated the Supreme Court's decision in *Martin*, which adopted the objective reasonableness standard.  It, too, summarily concluded that defendant's removal was not "frivolous or *plainly* unreasonable." *Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 335 (S.D.N.Y. 2005) (emphasis added).

These precedents therefore have limited persuasive force on the propriety of a fee award. Moreover, here, there is some reason to suspect that defendants sought to "prolong or delay the litigation" by removing this action.  First, defense counsel was put on notice that GECC believed the forum-selection clauses prohibited removal, yet *the same day* removed the case to this Court. *See* Second Knob Cert. ¶¶ 5–6.  This suggests that defense counsel did not invest the necessary time or resources in investigating the permissibility of removal.  Second, defense counsel inexplicably failed to promptly notify GECC or its counsel of the removal. *See id.* ¶ 6.  Finally, defense counsel assented to remand the day before its opposition to the remand motion was due. Dkt. 23.  All told, while the Court does not make a finding as to whether defendants acted in bad

faith, there are enough signs to that effect—and the policy reasons for discouraging similar conduct are strong enough—that the Court, in its discretion, holds that the award of *some* fees is appropriate.

### B. Reasonableness of GECC's Fees

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." GECC seeks $18,661.05 for performing 54.4 hours of attorney time (at an average of approximately $343 per hour). Second Knob Cert. ¶ 3. This consists of 21 hours worked by Peter Knob, a seventh-year associate at McCarter & English, who billed at a discounted rate[4] of $288 per hour; 15.9 hours worked by Jessica Macarone, a ninth-year associate at the firm, who billed at a discounted rate of $355.50 per hour; and 5.2 hours worked by Lisa S. Bonsall, a partner at the firm with over 25 years of experience, who billed at a discounted rate of $486 per hour. *See id.* ¶¶ 7–12.

As in other contexts where district courts are called upon to determine whether proposed attorneys' fees are reasonable, "[t]he presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007)). The starting point for calculating a "presumptively reasonable fee" is "the lodestar—the product of a *reasonable* hourly rate and the *reasonable* number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (emphasis added).

---

[4] GECC receives a 10% fee discount from McCarter & English. Second Knob Cert. ¶ 8.

### 1. Hourly Rates Charged

The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 191 (2d Cir. 2008).

The Court finds each of the three attorneys' rates reasonable.[5] Rates of $288 and $355.50 per hour for experienced associates are reasonable given that courts in this District "have regularly found $500.00 or more to be a reasonable hourly rate for a senior associate attorney." *Demonchaux v. Unitedhealthcare Oxford*, No. 10 Civ. 4491 (DAB), 2014 WL 1273772, at *7 (S.D.N.Y. Mar. 27, 2014). The discounted rates at which Knob and Macarone billed are clearly within the range of reasonable fees for experienced associates in this District. *See also MB Fin. Bank, N.A. v. 56 Walker, LLC*, No. 11 Civ. 5538 (JGK), 2011 WL 6338808, at *3–4 (S.D.N.Y. Dec. 19, 2011) (approving rate of $545 per hour for senior associate working on remand motion). A rate of $486 per hour for a partner with 25 years' experience is also reasonable. *See id.* (approving rate of $645 per hour for partners working on remand motion); *Verizon Directories Corp. v. AMCAR Transp. Corp.*, No. 05 Civ. 8867 (GBD) (RLE), 2008 WL 4891244, at *5 (S.D.N.Y. Nov. 12, 2008) (approving rates of $425 and $525 per hour for partners with "extensive experience in commercial litigation").

### 2. Number of Hours Worked

Courts must pay careful attention to the hours for which attorneys seek compensation, making appropriate adjustments for "duplicative hours." *Wong v. Mangone*, 450 F. App'x 27, 32

---

[5] Defendants do not challenge the firm's rates.

(2d Cir. 2011) (summary order).  Courts are obliged to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (internal quotation marks omitted).

Defendants argue that the hours worked by McCarter & English on the motion to remand were excessive.  First, defendants object that GECC seeks to collect $4,433.40 for 12.3 hours worked on complying with the procedures of this Court and appearing before this Court for an initial conference, which defendants maintain is "not connected with the actual remand motion." Def. Br. 12.  Second, defendants argue that "even a cursory look at [the firm's] billing statements reveals numerous entries where the attorneys involved in the motion to remand are reviewing each other's work and redrafting the documents prepared by other attorneys." Def. Br. 13.  The Court addresses these arguments in turn.

Defendants cite *Mattice v. ITT Hartford Ins. Group,* 837 F. Supp. 499, 500 (N.D.N.Y. 1993) for the proposition that "the court must reduce or eliminate any amounts to the extent that they . . . were not incurred solely for the purpose of the remand motion." *See also Greenidge v. Mundo Shipping Corp.*, 60 F. Supp. 2d 10, 13 (E.D.N.Y. 1999) ("[T]he Court must disallow hours which were not incurred solely in connection with the remand motion.").  But the language of 28 U.S.C. § 1447(c)—providing for an award of attorneys' fees "incurred *as a result* of the removal"—suggests a somewhat broader array of compensable fees.  *See Williams v. Beemiller, Inc.*, No. 05 Civ. 836S (WMS), 2010 WL 891001, at *5 (W.D.N.Y. Mar. 10, 2010), *rev'd on other grounds sub nom. Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97 (2d Cir. 2011) (summary order) ("Fees and costs are incurred as a result of the removal if they (or similar fees and costs) would *not* have arisen had the case remained in state court.") (emphasis in original). The Court is unpersuaded that the costs of preparing materials required by the federal court, and

appearing in federal court, are not compensable under § 1447(c), where the harm GECC suffered entailed having to litigate in federal court rather than its chosen state court forum.

Nevertheless, the Court agrees with defendants that spending a total of 54.4 hours on a straightforward motion to remand appears excessive. Notably, "district courts across this Circuit hesitate to reimburse plaintiffs' attorneys for more than about 30 hours spent on relatively uncomplicated motions to remand." *Samuel v. Town of Cheektowaga*, No. 09 Civ. 381A (RJA), 2010 WL 411090, at *2 (W.D.N.Y. Jan. 25, 2010) (citing, *inter alia*, *Alexander v. Amchem Prods., Inc.*, No. 07 Civ. 6441 (RJS), 2008 WL 1700157, at *8 (S.D.N.Y. Apr. 3, 2008) (reducing compensated hours from 31.5 to 21); *Greenidge*, 60 F. Supp. 2d at 13 (reducing by 35% the claimed number of hours worked on a remand motion, from 51.25 to 33.25)); *see also MB Fin. Bank*, 2011 WL 6338808, at *4 (reducing by 40% the 51 hours claimed by attorneys working on remand motion).

Moreover, various time entries are vague, referring simply to "consideration" of issues. And some appear to reflect unnecessary work by high-level personnel on relatively quotidian projects. Illustrative is the work that went into the two-page single-spaced joint letter and the case management plan (a standard form) submitted to the Court before the initial conference in this case. Dkt. 10. The firm claims that it spent about six hours preparing these documents, including 1.5 hours spent by partner Bonsall reviewing, revising, and considering these materials (but not including time spent conferring with opposing counsel). *See* Second Knob Cert., Ex. C. Overall, "given that the removal was plainly improper," it ought not have taken 54.4 hours to prepare the motion to remand and complete the other tasks resulting from defendants' removal. *MB Fin. Bank*, 2011 WL 6338808, at *4.

For these reasons, the Court, in its discretion and using precedents in this Circuit as a guidepost, reduces GECC's award of attorneys' fees to the fees that 30 hours of work would have generated. Crediting GECC's counsel with 30 hours of work (about 55.15% of 54.4) would result in a total award of $10,291.02. This award compensates GECC for the upper end of attorney time spent on a straightforward remand motion that courts in this District habitually recognize. *See Samuel*, 2010 WL 411090, at *2.

## CONCLUSION

For the foregoing reasons, the Court grants GECC's motion for attorneys' fees in the amount of $10,291.02.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: November 23, 2015
      New York, New York